IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEWAYNE D. KNIGHT,

                Plaintiff,

v.                                                                                                          OPINION and ORDER

MIKE FRANKIE, PAMELA YANDRY,                                               24-cv-120-jdp
and KATHERINE KELLER,

                Defendants.

---

Plaintiff DeWayne D. Knight, proceeding without counsel, is a prisoner at Wisconsin Secure Program Facility. Knight alleges that staff at the Ethan Allen School for Boys sexually assaulted him multiple times during his time as a detainee there. Knight has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Knight's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Knight has waited too long to bring his federal claims, so they are likely barred by the applicable statute of limitations. But I will give him a chance to explain why I should not dismiss the case as time barred.

ALLEGATIONS OF FACT

In 2005, Knight, then 14 years old, was detained at the Ethan Allen School for Boys after being adjudicated delinquent in a juvenile proceeding. In 2006, he was attacked and sexually assaulted by staff member Mike Frankie. Defendant staff member Pamela Yandry saw the assault happening but did nothing to stop it, instead joining in the assault. Frankie and Yandry sexually assaulted Knight 10 to 15 more times in 2006. Knight told defendant mental health clinician Katherine Keller about the assaults but she did nothing to intervene, instead telling him not to make up stories. Knight left the Ethan Allen School later in 2006.

ANALYSIS

Knight brings this lawsuit under 42 U.S.C. § 1983, contending that defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and he also brings Wisconsin-law assault-and-battery claims.

I will start with Knight's federal claims. Knight's allegations are very serious and would state constitutional claims against defendants. But there is a fatal flaw with his allegations: the sexual assaults occurred in 2006, which immediately prompts me to consider the applicable statute of limitations. A statute-of-limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002).

Section 1983 does not have a limitations period. Instead, "to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir.

2

1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). This is so even when a state has a longer limitations period for sexual-assault-of-a-child claims. *See Woods v. Illinois Dep't of Children & Family Servs.*, 710 F.3d 762, 766–68 (7th Cir. 2013). Accordingly, I must apply Wisconsin's statute of limitations for personal rights claims, Wis. Stat. § 893.53, (six years at the time of the sexual assaults), not Wisconsin's significantly more generous statute for persons who are sexually abused as children, § 893.587.[1] So for Knight's federal claims to be timely under the six-year statute of limitations, they must have accrued no earlier than 2018.

Although Wisconsin's limitation period applies, federal law governs when Knight's claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). A § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief[.]'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Knight's claims for sexual abuse appear to have accrued immediately after the assaults occurred, which would mean the limitations period expired in 2012. So those claims are likely time barred.

To save his federal claims, Knight would need to explain how his complaint is timely by making a case for equitable tolling. "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). In the context of § 1983 claims, "the state, rather than the

---

[1] That statute would give a plaintiff like Knight until his thirty-fifth birthday to file a lawsuit about childhood sexual abuse. That is the statute that would apply if Knight chose to file a lawsuit containing state-law claims in the Wisconsin court system.

federal, doctrine of equitable tolling governs[.]" *Id*. at 596. Although Wisconsin case law on equitable tolling is sparse, it is clear that, as in *Shropshear*, tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence. *See, e.g.*, *State ex rel. Griffin v. Smith*, 2004 WI 36, ¶ 38, 270 Wis. 2d 235, 677 N.W.2d 259 ("[p]rovided that the petitioners timely pursue relief," time limit for filing writ of certiorari is equitably tolled where counsel promises to file writ but fails to do so); *State ex rel. Nichols v. Litscher*, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292 (30-day deadline for petition for review tolled on date unrepresented prisoner delivers correctly addressed petition to proper prison authorities for mailing); *see also Winston v. Pamela H.*, No. 16-cv-610-jdp, 2016 WL 6808181, at *2 (W.D. Wis. Nov. 17, 2016) (equitable tolling did not apply to plaintiff alleging sexual abuse at Lincoln Hills 20 years before filing lawsuit). I will give Knight a chance to respond to this order, explaining whether equitable tolling applies to his case, or whether there is some other reason to reconsider the discussion above regarding the statute of limitations.

As for Knight's Wisconsin-law assault-and-battery claims, this court cannot consider them if his federal claims are time barred. The court does not have diversity jurisdiction over those claims because Knight alleges that he is a Wisconsin citizen and there isn't any reason to think that defendants are all citizens of other states.

ORDER

IT IS ORDERED that plaintiff DeWayne D. Knight may have until December 13, 2024, to show cause as to why the court should not dismiss this case as time barred.

Entered November 21, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge